UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> v. <br><br> **JOE FRANK BARRERA**, <br><br> Defendant. | **Case No. 4:23-CR-422-01** |

### GOVERNMENT'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO MODIFY BOND CONDITIONS REQUESTING REMOVAL OF CURFEW

The Government respectfully requests that this Court deny Defendant's Motion to Modify Conditions of Release filed on October 6, 2025 and in support thereof, offers the following suggestions:

### I. PROCEDURAL HISTORY

On September 13, 2023, a federal grand jury seated in Houston, Texas, returned an indictment charging Defendant with Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. §1959(a)(3) and 2; Conspiracy to Commit Assault with a Dangerous Weapon in Aid of Racketeering, in violation of 18 U.S.C. §§1959(a)(6); Discharge of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. §924(c)(1)(A)(iii); and Felon in Possession of a Firearm, in violation of Title 18 U.S.C. § 922(g)(1) and 924(a)(2). (D.E. 1). Defendant was arrested on September 21, 2023 and appeared before the Honorable Sam S. Shelton on September 26, 2023 for a detention hearing. On September 28, 2023 Judge Shelton issued an Order Setting Conditions of Release, which included, among other conditions, Home Detention and GPS monitoring. (D.E. 107).

On October 1, 2024, Defense Counsel filed a Motion to Modify Conditions of Release requesting to modify the Defendant's conditions of release by removing the Home Detention Condition and GPS location monitoring and, in its place, impose a Curfew from 10:00 p.m. to 10:00 a.m. (D.E. 203). Defense Counsel stated the Defendant had returned to his business, Dawg House Youths Sports Center, where he coaches boxing and other sports to adults and children. (Id.) Additionally, Defense Counsel stated that the Defendant coaches a youth select baseball team. Defense Counsel requested the Curfew hours of 10:00 p.m. to 10:00 a.m. stating that the Curfew would allow the Defendant to continue his employment. (Id.) The Honorable Richard W. Bennett considered this request and issued an order granting the change from Home Detention and GPS monitoring to a 10:00 p.m. to 10:00 a.m. Curfew. (D.E. 204).

On October 6, 2025, Defense Counsel filed a Motion to Modify Conditions of Release requesting the removal of the Curfew in its entirety. (D.E. 223). The motion states the Defendant needs the Curfew to be removed in its entirety so the Defendant can travel, set up, and coach youth football games that start as early as 8:00 a.m., and the motion further states that the Curfew currently in place has become a hindrance to the defendant's employment. (Id.) The motion states the Defendant is still employed at his business, Dawg House Youths Sports Center, and he continues to coach children and train adults. (Id.). The Government is opposed to the removal of the Defendant's Curfew in its entirety and requests that, in the alternative, the Court modify the hours of the Curfew to balance the safety of the community with the need of the Defendant to fulfill his employment duties.

## II. ANALYSIS

The Court should deny Defendant's motion, because, he has not demonstrated a sufficiently compelling reason to amend the conditions of his release to remove the requirement

of a Curfew at this time. Section 3145(a) permits a Defendant to seek amendment of a release order. 18 U.S.C. § 3145(a). When considering whether release is appropriate and, if so, what conditions should be imposed, section 3142(g) lists various factors the Court should consider. These factors include: (1) the nature and the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and the characteristics of the defendant, including his or her criminal history, and; (4) the nature and the seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). Danger to the community not only refers to physical violence, but also encompasses any likely conduct that will harm the community, including the potential for continued criminal activity. *United States v. Tortora*, 922 F.2d 880 (1st Cir. 1990).

Judge Bennett analyzed these factors and determined that a curfew from 10:00 p.m. to 10:00 a.m. was necessary to ensure Defendant's future appearance in court and public safety. Although Defendant appears to have complied with his conditions of release thus far, that is simply what is expected of him and does not provide a basis to eliminate his curfew in its entirety. When conferring with Defense Counsel, the Government suggested a modification of the times of the curfew to allow the Defendant to accommodate his work schedule while also ensuring public safety concerns. The Government continues to harbor grave concerns about the danger Defendant poses to the community given his association with a violent outlaw motorcycle gang. The only change in the Defendant's circumstances from October 2024 when Defense Counsel requested a curfew of 10:00 p.m. to 10:00 a.m., in lieu of home detention and GPS monitoring, is the need for the Defendant to start his workday earlier than 10:00 a.m. Nothing in the recently filed motion states there is a hinderance to the Defendant's livelihood by having a curfew starting at 10:00 p.m. or a need for the Defendant to be outside of his home after 10:00 p.m. For these reasons, the

Government believes a modification to the morning curfew time is an appropriate remedy to balance the needs of the Defendant and the public safety concerns of the Government.

### III. CONCLUSION

WHEREFORE, based on the foregoing, the United States requests that the Court deny Defendant's motion.

                                                                                                               NICHOLAS J. GANJEI
                                                                 United States Attorney
                                                                 Southern District of Texas

By     /s/ Keri Fuller
                    Keri Fuller
                    Byron H. Black
                    Assistant United States Attorneys
                    1000 Louisiana Street, Suite 2300
                    Houston, TX 77002
                    Telephone: (713) 567-9717
                    Email: Keri.Fuller@usdoj.gov

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on October 9, 2025, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

                                                          /s/ Keri Fuller
                                                          Keri Fuller
                                                          Assistant United States Attorney